**Nos. 23-2971, 23-2972**

**UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

IN RE: LTL MANAGEMENT LLC,
*Debtor*.

LTL MANAGEMENT LLC AND
THE AD HOC COMMITTEE OF SUPPORTING COUNSEL,
*Appellants*,

v.

THE OFFICIAL COMMITTEE OF TALC CLAIMANTS, *et al.*,
*Appellees*.

On Appeal from the U.S. Bankruptcy Court for the District of New Jersey,
No. 23-12825

**JOINT MOTION OF LTL MANAGEMENT LLC AND THE AD HOC COMMITTEE OF SUPPORTING COUNSEL REGARDING BRIEFING SCHEDULE, ORAL ARGUMENT, AND NOVEMBER 9 ORDER**

Kristopher M. Hansen
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone:  (212) 318-6000
E-mail:  krishansen@paulhastings.com

Michael D. Sirota
COLE SCHOTZ P.C.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07602
Telephone:  (201) 489-3000
E-mail:  msirota@coleschotz.com

*Counsel for Appellant Ad Hoc Committee of Supporting Counsel*

Noel J. Francisco
C. Kevin Marshall
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
E-mail: njfrancisco@jonesday.com
E-mail: ckmarshall@jonesday.com

Gregory M. Gordon
JONES DAY
2727 North Harwood Street, Suite 500
Dallas, Texas 75201
Telephone: (214) 220-3939
E-mail: gmgordon@jonesday.com

*Counsel for Debtor-Appellant
LTL Management LLC*

LTL Management LLC and the Ad Hoc Committee of Supporting Counsel (together, "Appellants") raise three issues by this motion: (I) The briefing schedule; (II) oral argument; and (III) the Court's November 9 Order regarding stipulated facts and procedural history. The positions of the Official Committee of Talc Claimants (the "Official Committee") and certain other Appellees on each issue are described below.

## I.   BRIEFING SCHEDULE

Under Federal Rule of Appellate Procedure 26, Appellants respectfully request that the Court set the following briefing deadlines in these consolidated appeals:

- All appellants shall file their opening brief(s) by December 13.

- All appellees shall file their response brief(s) within 44 days of the filing of opening brief(s).

- All appellants shall file their reply brief(s) within 21 days of the filing of the response brief(s).

The Official Committee joins Appellants' motion to set the above schedule.[1]

---

[1] Appellees Kate Tollefson (represented by Maune Raichle Hartley French & Mudd), Paul Crouch (represented by Jonathan Ruckdeschel), and Giovanni Sosa (represented by Cooney & Conway), consent to the Official Committee's position on all three matters addressed in this motion.

## II.  ORAL ARGUMENT

Under Local Rule 34.1, in light of the similarity of facts and issues presented to those addressed by this court in *In re LTL Management, LLC*, 64 F.4th 84 (3d Cir. 2023), Appellants waive oral argument and respectfully request that the Court decide these appeals on the briefs.

The Official Committee believes this is an important case that could be aided by oral argument, although it defers to the Court's discretion. That discretion may be informed by the Court's review of the parties' briefs, once they are filed. The Official Committee notes that this Court's Order of November 9, 2023, stated that "[t]he above-entitled case has been listed at the convenience to the Court and will be scheduled after briefing has been completed. At the time that the Court schedules a disposition date, the panel will determine whether there will be oral argument and if so, the amount of time allocated for each side."

## III.  NOVEMBER 9 ORDER

Finally, Appellants respectfully request that the Court vacate the separate Clerk Order of November 9, 2023. That Order directs "the parties" to submit, "when the opening brief is filed," "a stipulated set of relevant facts and procedural history upon which the Court may rely in deciding the appeal."

The Order rests on the stated premise that "the parties[]" have "represent[ed] that this appeal presents a purely legal issue." That premise is incorrect, as the

parties' filings with this Court in seeking direct appeal show. As a result, complying with the Order would be onerous and inefficient and would likely yield, at best, a document that would provide no meaningful assistance for the Court.

**A.**　　*First,* the joint petition to authorize a direct appeal ("Joint Petition"), filed by LTL and the Ad Hoc Committee, did not represent that the appeal was one of pure law. Joint Pet., *In re LTL Mgmt. LLC*, No. 23-8045 (3d Cir. Oct. 6, 2023), Dkt. 1. The first and primary question the appellants have presented is whether the bankruptcy court "reversibly err[ed]" in finding that LTL lacked sufficient financial distress (and thus lacked good faith, and thus should have its case dismissed for cause), broad language that encompasses both legal and factual error. *Id.* at 11. The Joint Petition highlighted that the bankruptcy court's assessment of competing forecasts from the parties' expert witnesses regarding LTL's liabilities and resources underlay its financial-distress holding. *Id.* at 9 (citing Mem. Op. at 20-25, *In re LTL Mgmt. LLC*, No. 23-12825 (MBK) (Bankr. D.N.J. July 28, 2023), Dkt. 1127). And fact-finding was to be expected given this Court's decision in *In re LTL Management, LLC*, 64 F.4th 84 (3d Cir. 2023), in which the Court described good faith and financial distress as questions of "ultimate fact"—legal concepts "with a factual component" dependent on "the totality of facts and circumstances." *Id.* at 100 (citations omitted).

The Joint Petition's treatment of this question contrasts sharply with its treatment of the second question: whether the bankruptcy court after dismissing the case had statutory authority to allow the Official Committee to continue to exist. The Joint Petition presents *this* as a "pure legal question" that is not "'heavily' fact-dependent" Joint Pet. 11 n.1 (quoting *Weber v. United States*, 484 F.3d 154, 158 (2d Cir. 2007)). But the Joint Petition does not so characterize the primary question—of financial distress, good faith, and cause.

*Second,* the appellees' Responses to the Joint Petition did not represent that the dispute on appeal was one of pure law. And both responses, by the Official Committee and Arnold & Itkin LLP, similarly highlighted the parties' battle over the facts of LTL's present and future financial situation. *See* Official Comm. of Talc Claimants' Resp. 11-12, *In re LTL Mgmt. LLC*, No. 23-8045 (3d Cir. Oct. 16, 2023), Dkt. 10; Arnold & Itkin LLP's Resp. 5-6, *In re LTL Mgmt. LLC*, No. 23-8045 (3d Cir. Oct. 16, 2023), Dkt. 11. The Responses did not even mention the second issue regarding the Official Committee's continued existence.

*Third*, the grounds for direct appeal on which the Joint Petition and Responses (as well as the bankruptcy court) agreed confirm that the appeal is not one of pure law. All of the parties' filings with this Court highlighted their unanimous certification in the bankruptcy court under 28 U.S.C. § 158(d)(2)(A). *See* Joint Pet. Exh. C (certification filed with bankruptcy court). Subsection 158(d)(2) provides

that all appellants and appellees may certify that the appealed order meets one or more of four bases for a direct appeal: (1) that it "involves a question of law as to which there is no controlling decision," (2) that it "involves a matter of public importance," (3) that it "involves a question of law requiring resolution of conflicting decisions," or (4) that "immediate appeal" may "materially advance the progress of the case."

Here, the parties agreed that the appeal was *publicly important* and would be *materially advanced* by immediate appeal but did not certify on the other two statutory grounds. The bankruptcy court concurred in both respects. *See* Jt. Pet. 10 & Exh. D. In Appellants' view, the bankruptcy court's determination to dismiss LTL's case does indeed present important legal questions. *See, e.g.,* Joint Pet. 16–18; Debtor's Statement of Issues on Appeal 2-3, No. 3:23-cv-10979 (D.N.J. Sept. 9, 2023), Dkt 2. But the parties have not represented that those legal questions can be divorced from the disputed underlying facts.

**B.** Because the premise of the November 9 Order is incorrect, complying with the Order would be onerous for the parties and unproductive for the Court. The parties do not agree on the relevance and accuracy of the facts presented to, and found by, the bankruptcy court. As a result, the parties would have considerable difficulty agreeing on and presenting a "stipulated set of relevant facts." To the extent the parties were able to reach an agreement, the stipulated set of relevant facts

5

likely would be too minimal to meaningfully streamline the factual discussions in the principal briefs and thus would not meaningfully assist this Court in deciding the appeal.

The Official Committee takes no position on Appellants' request with respect to the Clerk Order of November 9, 2023, and defers to the Court's discretion.

## CONCLUSION

For the foregoing reasons, Appellants respectfully request that the Court enter the proposed briefing schedule, decide the appeal on the briefs, and vacate the Clerk Order of November 9, 2023. The Official Committee respectfully requests that the Court enter the proposed briefing schedule and takes the positions outlined above as to the other matters.

Dated November 22, 2023

Respectfully submitted,

/s/ Kristopher M. Hansen
Kristopher M. Hansen
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
E-mail: krishansen@paulhastings.com

Michael D. Sirota
COLE SCHOTZ P.C.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07602
Telephone: (201) 489-3000
E-mail: msirota@coleschotz.com

*Counsel for Appellant Ad Hoc Committee of Supporting Counsel*

/s/ C. Kevin Marshall
Noel J. Francisco
C. Kevin Marshall
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
E-mail: njfrancisco@jonesday.com
E-mail: ckmarshall@jonesday.com

Gregory M. Gordon
JONES DAY
2727 North Harwood Street, Suite 500
Dallas, Texas 75201
Telephone: (214) 220-3939
E-mail: gmgordon@jonesday.com

*Counsel for Debtor-Appellant LTL Management LLC*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in Times New Roman 14-point font using Microsoft Word. I further certify that it complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,270 words.

*/s/ C. Kevin Marshall*
C. Kevin Marshall

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Clerk using the appellate CM/ECF system on November 22, 2023, effecting service on all registered users.

>	*/s/ C. Kevin Marshall*
>	C. Kevin Marshall